IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RAPHAEL S. TRICE,

    Petitioner,

v.                              Civil Action No. 5:08CV31
                                        (STAMP)
EDWARD F. REILLY,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I. Facts and Procedural History

The pro se[1] petitioner, Raphael S. Trice, was sentenced by the Superior Court of the District of Columbia on November 22, 1993, to a fifteen-year prison term for assault with intent to rob while armed and for possession of a firearm during a crime of violence. The petitioner was granted parole on July 13, 2000. While on parole, the petitioner committed an assault offense under the District of Columbia Code. The petitioner was sentenced to a thirty-year term of imprisonment for that offense. By notice of action entered by the United States Parole Commission ("the Commission") on March 18, 2005, the petitioner was informed that his parole was revoked, that none of the time spent on parole would be credited, and that the petitioner would be continued to the expiration of his sentence. The petitioner appealed, and the case

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (1999).

was remanded for a special reconsideration of the release date in light of new information received concerning the sentence of thirty months which was imposed for the offense constituting grounds for revocation of the petitioner's parole. On September 27, 2005, after holding the reconsideration hearing, the Commission informed the petitioner that he would be continued to expiration with special conditions of drug aftercare, anger management counseling, and monitoring by global positioning system. The petitioner appealed this decision, which was affirmed on December 23, 2005.

Thereafter, the petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Eastern District of Virginia. Among other grounds, the petitioner argued that in making its reparole determination, the Commission unconstitutionally applied its 2000 Guidelines to his case retroactively, in violation of the Ex Post Facto Clause. That petition was dismissed on the merits, and the United States Court of Appeals for the Fourth Circuit affirmed the district court's denial of habeas corpus relief.

The petitioner then filed an application in this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the application by the Commission of its 2000 Guidelines instead of the former District of Columbia Parole Board 1987 Guidelines in its decision to deny him reparole. The respondent filed a combined response and motion to dismiss, to which the petitioner replied.

This matter was referred to United States Magistrate Judge James E. Seibert for a report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.09. The magistrate judge issued a report and recommendation recommending that the respondent's motion to dismiss should be granted and that the petitioner's § 2241 petition be denied and dismissed with prejudice. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation.

The petitioner filed timely objections. For the reasons set forth below, this Court finds that the report and recommendation by the magistrate judge should be affirmed and adopted in its entirety, and the petitioner's § 2241 petition must be denied and dismissed with prejudice.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 458 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner has filed objections, this Court will undertake a de novo review as to those

portions of the report and recommendation to which objections were made.

## IV. Discussion

In his § 2241 habeas corpus petition before this Court, the petitioner alleges that the Commission violated the Ex Post Facto Clause to deny the petitioner reparole because the 2000 Guidelines the Commission used in making the reparole determination are harsher than the 1987 Guidelines of the former District of Columbia Parole Board, which were in effect at the time of the petitioner's initial sentencing. Citing a decision by the United States District Court for the District of Columbia, Fletcher v. Reilly, 443 F.3d 867 (D.C. Cir. 2006), the petitioner asserts that the retroactive application of the 2000 Guidelines violates the Ex Post Facto Clause because they are primarily concerned with punishment and recidivism, whereas the 1987 Guidelines were primarily concerned with post-incarceration rehabilitation.

The respondent contends that the petitioner's claim lacks merit for three reasons. First, the petition before this Court constitutes a successive petition which this Court need not consider because the petitioner has already litigated his ex post facto claim and failed on the merits in his § 2241 petition to the United States District Court for the Eastern District of Virginia. Second, the Commission's paroling policy guidelines are not "laws" falling within the ambit of the Ex Post Facto Clause. Finally, the petitioner has failed to show that application of the 2000

Guidelines has significantly raised the likelihood that he will serve a longer prison term than he would have served if the 1987 Guidelines had been applied. The respondent also argues that the petitioner's reliance upon Fletcher v. Reilly is misplaced because that opinion ignores the existence of a Commission policy which explicitly recognizes rewards for performance in prison programs in setting release dates.

The magistrate judge rejected the petitioner's arguments. First, the magistrate judge agreed with the respondent that the United States District Court for the Eastern District of Virginia has already considered and rejected the petitioner's claim that application of the 2000 Guidelines violates the Ex Post Facto Clause and that consequently, the § 2441 petition before this Court is a successive petition. Second, the magistrate judge found that the challenged parole guidelines do not constitute "laws" for purposes of ex post facto violations. Third, the magistrate judge determined that even if the parole guidelines are "laws" for ex post facto purposes, the application of the 2000 Guidelines to the petitioner's case do not run afoul of constitutional protections under the Ex Post Facto Clause because--despite the petitioner's allegations to the contrary--the federal reparole guidelines were not applied retrospectively to the petitioner's case given that the conduct resulting in the revocation of the petitioner's parole occurred in 2004. Finally, the magistrate judge found that the petitioner's reliance on Fletcher v, Reilly is misplaced for the

same reason that the Commission's application of the 2000 Guidelines was not retroactive in nature, namely that the petitioner in this action did not commit the offense which led to his parole violation and subsequent reparole consideration until after the 2000 Guidelines were already in place.

The petitioner objects on two grounds. First, he contends that the magistrate judge erred by concluding that the federal parole guidelines are not "laws" for purposes of constitutional violations under the Ex Post Facto Clause. As support, the petitioner cites Garner v. Jones, 529 U.S. 244, 251 (2000), as well a number of circuit court cases, for the proposition that the federal parole guidelines fall within the ambit of the Ex Post Facto Clause because they create a significant risk of prolonging an inmate's period of imprisonment.

As his second objection, the petitioner asserts that the magistrate judge wrongly concluded that the petitioner previously raised his ex post facto claim in his § 2241 petition to the United States District Court for the Eastern District of Virginia. The petitioner contends that the district judge adjudicating that petition denied without prejudice the petitioner's attempt to amend his petition to add the ex post facto claim and that the claim was never decided on the merits. Therefore, the petitioner argues, the § 2241 petition before this Court is not subject to the proscription against successive petitions.

Based upon a de novo review of the record and the relevant law, this Court agrees with the magistrate judge that the respondent's motion to dismiss must be granted and the petitioner's § 2241 petition must be denied and dismissed with prejudice.

The petitioner's ex post facto claim fails for the following reasons. First, this Court rejects the petitioner's baseless contention that the United States District Court for the Eastern District of Virginia did not adjudicate the petitioner's ex post facto claim on the merits in his § 2441 petition before that court. On March 13, 2007, the district court entered a memorandum opinion for the express purpose of addressing the petitioner's ex post facto claim. In that opinion, the district judge found that the application of the 2000 Guidelines was not a retroactive application in the petitioner's case because the Guidelines were already in place at the time the petitioner committed the offense resulting in the revocation of his parole. Accordingly, the petitioner should have expected his reparole determination to be made under the 2000 Guidelines. Pursuant to 28 U.S.C. § 2244(a), a district court is not required to consider a habeas petition filed by an inmate challenging his federal custody on the same ground that the petitioner advanced in an earlier habeas petition and lost after a full and fair litigation of his claim. See 28 U.S.C. § 2244(a). In addition to applying to petitions filed pursuant to 28 U.S.C. § 2255, the rule also applies to petitions filed pursuant to 28 U.S.C. § 2241. See e.g., George v. Perill, 62

F.3d 333 (10th Cir. 1995); Glumb v. Honstead, 891 F.2d 872 (11th Cir. 1990); Sacco v. United States Parole Commission, 639 F.2d 441 (8th Cir. 1981). In light of the March 13, 2007 memorandum opinion by the United States District Court for the Eastern District of Virginia denying the petitioner's ex post facto claim concerning the application of the 2000 Guidelines, this Court concludes that the petitioner's ex post facto claim in his § 2241 petition before this Court seeks to litigate the same issue which has already been denied on the merits in an opinion dismissing the petitioner's earlier § 2441 petition. Accordingly, the petitioner's § 2241 petition will be dismissed as a successive petition.

Second, even if the petition in this case were not a successive petition, it would be denied because this Court finds that the 2000 Guidelines were not retroactively applied. The United States Constitution prohibits the enactment of any ex post facto law. U.S. Const. art I, § 10, cl. 1. An ex post facto law is one which "retroactively alter[s] the definition of crimes or increase[s] the punishment for criminal acts." Collins v. Youngblood, 497 U.S. 37, 43 (1990). "To fall within the ex post facto prohibition, a law must be retrospective--that is, it must apply to events occurring before its enactment--and it must disadvantage the offender affected by it." Lynce v. Mathis, 519 U.S. 433, 441 (1997) (internal citations and quotations omitted). "The critical question is whether the law changes the legal consequences of acts completed before its effective date." Weaver

8

v. Graham, 450 U.S. 24, 31 (1981). In this case, the 2000 Guidelines were applied to events occurring after their adoption. Specifically, they were applied to the conduct in which the petitioner engaged sometime in 2004 resulting in the revocation of his parole.

However, even if the 2000 Guidelines were applied retroactively, the petitioner has speculated but not demonstrated that he would have been eligible for earlier release if the Commission had applied the 1987 Guidelines. Under both the 1987 District of Columbia Guidelines, as well as the 1998 Commission Guidelines, the parole board had discretion to depart from the guidelines to grant or deny parole to a candidate. Compare 28 DCMR § 204.22 ("The Board may, in unusual circumstances, waive the SFS and pre and post incarceration factors set forth in this chapter to grant or deny parole to a parole candidate."), with 28 C.F.R. § 2.80(n)(1) (allowing departures from guidelines in "unusual circumstances"). Therefore, the petitioner can only speculate whether he would have received more lenient treatment under the previous guidelines. Such speculation is not sufficient to show an ex post facto violation. For these reasons, this Court must deny the petitioner's § 2241 petition.

In light of the foregoing, this Court need not address the petitioner's objection that the magistrate judge wrongly concluded the federal parole guidelines do not constitute "laws" for ex post facto purposes. This Court observes, however, that the magistrate

judge's report and recommendation merely noted that a number of federal circuits have reached this conclusion.  The magistrate judge did not rely upon that rationale in making his recommendations.

This Court further observes that the United States Supreme Court's decision in Garner v. Jones, 529 U.S. 244 (2000), sets forth the inquiry for determining whether a given change to parole practices violates the Ex Post Facto Clause.  See Glascoe v. Bezy, 421 F.3d 543, 547 (7th Cir. 2005) (test for determining whether ex post facto violation has occurred is whether new practice "'created a significant risk of increasing [the inmate's] punishment.'") (quoting Garner, 529 U.S. at 255).  Garner does not, as the petitioner asserts, establish that the federal parole guidelines at issue in this action constitute laws or regulations subject to the Ex Post Facto Clause, as opposed to discretionary administrative policies.  Although the United States Court of Appeals for the Fourth Circuit has determined, post-Garner, that discretionary administrative policies do not violate the Ex Post Facto Clause. (see e.g., Warren v. Baskerville, 233 F.3d 204, 207 (4th Cir. 2000) (construing the terms of the Virginia State Parole Board's 1997 Policy Manual and stating that "change in an administrative policy in effect at the time of a criminal's underlying offenses does not run afoul of the prohibition against ex post facto laws")), the Fourth Circuit does not appear to have addressed the question of whether the Commission's 2000 Guidelines constitute laws (or

regulations) or administrative policies for ex post facto purposes. However, given this Court's finding that the guidelines were not retroactively applied in the petitioner's case, this Court has no occasion to anticipate how the Fourth Circuit might decide that issue. Therefore, this Court declines to address further the petitioner's contention that the Commission's 2000 Guidelines are "laws" for ex post facto purposes.

## V. Conclusion

Based upon a <u>de novo</u> review, this Court finds that the report and recommendation of the magistrate judge should be, and is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons set forth above, the petitioner's § 2241 petition is DENIED and DISMISSED WITH PREJUDICE. Furthermore, the respondent's motion to dismiss is GRANTED. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within thirty days after the date that the judgment order in this case is entered. <u>See</u> Fed. R. App. P. 4(a)(1). He is further advised that a certificate of appealability is not required for a federal prisoner proceeding under 28 U.S.C. § 2241. <u>See</u> 28 U.S.C. § 2253(c) (certificate of appealability is required in a § 2255 proceeding or in a habeas corpus proceeding in which the detention

complained of arises from process issued by a State court); see also Fed. R. App. P. 22; Drax v. Reno, 338 F.3d 98, 106 n.12 (2d Cir. 2003).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:   March 2, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE